UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRINA WILLIAMS                                                            CIVIL ACTION

VERSUS                                                                         NO. 15-1983

CT CORPORATION SYSTEM                                           SECTION "C" (2)

### Order and Reasons

Before the Court are defendant CT Corporation System's motions to set aside default and to dismiss. *See* Rec. Docs. 20 & 21. Pro se plaintiff Trina Williams has not opposed the motions. For the following reasons, the Court GRANTS defendant's motion to set aside and GRANTS defendant's motion to dismiss; however, grants plaintiff leave to file an amended complaint within thirty-two days following the date of this Order and Reasons.

**I.    Background**

On June 9, 2015, plaintiff filed suit against defendant alleging that defendant violated plaintiff's rights under the Americans with Disabilities Act as amended ("ADA"). *See* Rec. Doc. 1. Plaintiff's two-page complaint includes exhibits totaling over 200 pages. *See* Rec. Docs. 1-1 & 1-2. Besides naming defendant in the title of the complaint, plaintiff makes no other reference to defendant. Instead, the exhibits included with the complaint include an Equal Employment Opportunity Commission ("EEOC") complaint filed by plaintiff against her alleged former employer, Public Storage, as well as a number of other documents indicating plaintiff's employer was Public Storage. *See* Rec. Doc. 1-1 at 8, 19, 27.

Defendant claims that, while it and Public Storage are not related entities, defendant serve as the registered agent for service of process to Public Storage. *See* Rec. Doc. 20-1 at 4. Defendant contends that it sent plaintiff a letter on July 9, 2015, notifying plaintiff that "CT Corporation System merely acts as registered agent for thousands of entities in the State of LA to

1

receive service of process" and making the request that plaintiff "take the necessary steps to remove CT Corporation System as a defendant." *See* Rec. Doc. 21-4. Defendant, however, did not file an answer to plaintiff's complaint. Instead, on August 7, 2015, plaintiff filed a motion with the Clerk of Court to enter default judgment. *See* Rec. Doc. 9. The Clerk of Court granted an entry of default on August 11, 2015. Over the next two months, plaintiff filed two motions to compel, both of which were denied. *See* Rec. Docs. 13 & 24. On October 23, 2015, defendant filed the present motions, one to set aside the entry of default and one to dismiss plaintiff's ADA claim for failure to exhaust administrative remedies. *See* Rec. Doc. 20 & 21.

## II.     Standard of Review

As a threshold matter, the Court notes that it interprets pleadings and briefs of pro se litigants liberally "to afford all reasonable inferences which can be drawn from them." *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010).

A. Entry of Default

Under Federal Rule of Civil Procedure Rule 55(c) or Rule 60(b), a district court may set aside an entry of default upon a showing of good cause. *See In re Chinese-Manu. Drywall Products Liability Litig.*, 753 F.3d 521, 529 (5th Cir. 2014). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation omitted). "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.* (internal quotation omitted).

Courts generally considered three factors to determine if a defendant has shown good cause: (1) whether defendant's default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *See id.* Courts may also consider whether the defendant has acted expeditiously to correct the default. *See id.*

B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**III.    Discussion**

Because defendant's presentation of a meritorious defense is a factor in considering whether or not to set aside the Clerk of Court's entry of default, the Court considers the merits of defendant's two motions at once. The Court finds that, subject to a caveat that plaintiff be granted leave to amend, defendant has shown good cause to set aside default and also has presented a meritorious defense warranting dismissal of plaintiff's claim against defendant.

As to the first two factors, the Court finds no indication in the record that defendant's default was willful, nor does the Court find that setting aside the default will necessarily prejudice plaintiff. As to the third factor, the Court concludes that the defendant has presented a meritorious defense warranting dismissal from this case. While plaintiff references actions either completed or pending in other venues, the only claim against defendant apparent on the face of

plaintiff's complaint is an ADA claim. Before bringing an ADA claim in federal court, a plaintiff must exhaust administrative remedies. *See generally* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5). The exhibits to plaintiff's complaint against defendant indicate that plaintiff did file a claim against Public Storage with the EEOC, but not against defendant. *See* Rec. Doc. 1-1 at 8. Accordingly, and after a thorough review of plaintiff's complaint, it is apparent that plaintiff has not stated a claim against defendant.[1]

While the Court finds that it is appropriate to set aside the entry of default against defendant and dismiss defendant from this case, the Court notes that unqualified dismissal could lead to plaintiff being procedurally barred from bringing an ADA claim against Public Storage, the entity that plaintiff likely intended to sue. This is because ADA claimants have only 90 days to file a claim in federal court after receiving a notice of right to sue from the EEOC. *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(1)). It appears that plaintiff received an EEOC notice of suit rights as to her complaint against Public Storage on April 22, 2015. *See* Rec. Doc. 1-1 at 7. Plaintiff brought suit against defendant, Public Storage's agent for service of process, forty-eight days after the date of the EEOC notice. *See* Rec. Doc. 1.

Particularly considering plaintiff's pro se status, the Court concludes that it is in the interest of justice that plaintiff be afforded an opportunity to amend her complaint pursuant to Federal Rule of Civil Procedure 15. The Court will consider plaintiff's June 9, 2015, complaint as having equitably tolled the ninety-day filing requirement, meaning plaintiff will have thirty-two days following the issuance of this Order and Reasons to amend her complaint and add the correctly named defendant as a party.

---

[1] The Court notes that the fourth factor sometimes considered by courts—the expeditiousness of defendant to correct default—neither weighs in favor of retaining nor setting aside the entry of default. Though almost three months passed between entry of default and defendant's motion to set aside, the Court cannot conclude that defendant was or was not expeditious.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to set aside is GRANTED. Rec. Doc. 21.

IT IS FURTHER ORDERED that defendant's motion to dismiss is GRANTED. Rec. Doc. 20.

IT IS FURTHER ORDERED that plaintiff is GRANTED LEAVE to amend her complaint by January 18, 2016.

New Orleans, Louisiana, this 16th day of December, 2015.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**